# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

————————————

## Criminal Docket No. 1:22-CR-00118-MAC-ZJH(1)
## Civil Docket No. 1:24-cv-00402

### MICHAEL JOSEPH FONTENOT,
Movant

### v.

### UNITED STATES OF AMERICA,
Respondent

————————————————————————

## MEMORANDUM IN SUPPORT OF MOVANT'S
## PETITION UNDER 28 U.S.C. § 2255

————————————————————————

CLOUTHIER LAW, PLLC
Susan J. Clouthier
Tex. Bar No. 24062673
9950 Woodloch Forest Dr., Suite 1300
The Woodlands, Texas 77380
Ph: (346) 443-4300
Fax: (346) 443-4343
susan@clouthierlaw.com

**Attorney for Movant**
**Michael Joseph Fontenot**

## INTRODUCTION

Pursuant to 28 U.S.C. Section 2255, Movant, Michael Joseph Fontenot, through undersigned counsel, respectfully requests an Order authorizing the United States District Court for the Eastern District of Texas, Beaumont Division, to accept for filing the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Fontenot bases his motion on his trial counsel's failure to investigate his pornography addiction as mitigating evidence at sentencing. Having an addiction rather than having the intent to victimize children could have been used as factors in the District Court's analysis of whether to apply a downward departure or variance to the Guidelines. But since no evidence of this addiction was introduced, the District Court did not consider it in the sentencing decision. Thus, Fontenot received ineffective assistance of counsel.

Fontenot now challenges his sentence, warranting the District Court's review. Accordingly, Fontenot respectfully requests this Court grant habeas relief and grant a new sentencing hearing accordingly. In the alternative, Fontenot respectfully requests this Court issue a Certificate of Appealability.

ii

# TABLE OF CONTENTS

Introduction ...........................................................................................ii

Table of Authorities ..............................................................................iv

Statement of the Case ........................................................................... 1

Definition of the Crimes Charged ........................................................ 5

Timeliness of the Petition ..................................................................... 6

Scope of Review Under 28 U.S.C. § 2255 ............................................. 7

Standard for Ineffective Assistance of Counsel .............................. 8

Argument and Authorities ................................................................... 9

    I.    Counsel rendered ineffective assistance of counsel for not having Movant evaluated by an expert to present mitigating evidence that might justify a downward departure from the Guidelines. ..9

    II.   There is a reasonable probability that but for counsel's failure to introduce mitigating evidence of Fontenot's psychiatric disorders, the sentence would have been lower. .........................15

Conclusion .......................................................................................... 17

Certificate of Service ........................................................................ 18

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Glover v. United States,*
531 U.S. 198 (2001) ................................................................9

*Lockett v. Ohio,*
438 U.S. 586 (1978) ..............................................................10

*Murray v. Carrier,*
477 U.S. 478, 106 S.Ct. 2639 (1986) ....................................9

*Ortiz-Martinez v. United States,*
2021 WL 5173392 (E.D. Tex. Oct. 4, 2021) .........................16

*Penry v. Lynaugh,*
492 U.S. 302 (1989) ..............................................................10

*Porter v. McCollum,*
558 U.S. 30 (2009) ................................................................10

*Rompilla v. Beard,*
545 U.S. 374 (2005) ........................................................13, 15

*Smith v. Dretze,*
422 F.3d 269 (5th Cir. 2005) ...........................................10, 11

*Strickland v. Washington,*
466 U.S. 668 (1984) .............................................8, 9, 12, 13

*United States v. Cronic,*
466 U.S. 648 (1984) ................................................................9

*United States v. Payne,*
99 F.3d 1273 (5th Cir. 1996) ..................................................8

*United States v. Placente,*
81 F.3d 555 (5th Cir. 1996) ....................................................8

*United States v. Plascencia,*
537 F.3d 385 (5th Cir. 2008) ................................................................7

*United States v. Thomas,*
627 F.3d 146 (5th Cir. 2010) ..............................................................11

*United States v. Vasquez,*
2020 WL 5366112 (W.D. Tex. Sep. 8, 2020) ........................................16

*West v. Johnson,*
92 F.3d 1385 (5th Cir.1996) ................................................................13

*Wiggins v. Smith,*
539 U.S. 510 (2003) ..........................................................10, 11, 14, 15

*Williams v. People of State of N.Y.,*
337 U.S. 241 (1949) ............................................................................10

## Statutes

18 U.S.C. § 2256(8) ................................................................................1

18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) ...............................................1, 5

28 U.S.C. § 2255 ........................................................................1, 2, 7, 8

## Rules

Fed. R. App. P. 4(b) ..............................................................................7

U.S.S.G. 3E1.1(a), (b) ...........................................................................3

U.S.S.G. § 2G2.2(a)(1) ..........................................................................2

U.S.S.G. § 2G2.2(b)(2) ..........................................................................2

U.S.S.G. § 2G2.2(b)(4) ..........................................................................2

U.S.S.G. § 2G2.2(b)(6) ..........................................................................2

U.S.S.G. § 2G2.2(b)(7)(D) ......................................................................3

## STATEMENT OF THE CASE

An Information of the United States Attorney was filed against Michael Joseph Fontenot on November 29, 2022 alleging violations under 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), Possession of Child Pornography. (ECF 1). Count 1 alleges that on or about June 26, 2019, in the Eastern District of Texas, Fontenot did knowingly possess material containing images of child pornography as defined under 18 U.S.C. § 2256(8) which involved a prepubescent minor and a minor who had not attained the age of 12, the means using interstate commerce. *See Transcript of Arraignment*, at 6-7, attached as Exhibit A. He retained Dustin Galmor as trial counsel. Thereafter, Fontenot executed a waiver of Indictment. (ECF 7). At arraignment, Fontenot pleaded not guilty. *See Transcript of Arraignment*, at 9, attached as Exhibit A.

On January 5, 2023, the District Court held a change of plea hearing. *See generally Plea Hearing*, attached as Exhibit B. Fontenot pleaded guilty to Count 1 of the Information. *See Plea Hearing*, at 9-10, 15, attached as Exhibit B. In the Factual Basis, Fontenot stipulated that he committed the offense as alleged in the Information. (ECF 19). He further admitted that he used the Internet to possess over 600 images of

1

child pornography, including some images depicting a prepubescent minor. (ECF 19). Fontenot also admitted the Internet provider was not primarily managed in the United States, thus affecting foreign commerce. (ECF 19). Then, Fontenot admitted he knew the photos were child pornography and that the conduct occurred in the Eastern District of Texas. (ECF 19). In the change of plea hearing, the District Court asked Fontenot approximately how many images he had downloaded, to which he replied, "approximately 600." *See Plea Hearing*, at 14, attached as Exhibit B. The District Court further asked Fontenot if some of the images include prepubescent minors, to which he answered in the affirmative. *See Plea Hearing*, at 14, attached as Exhibit B. The District Court then adjudicated Fontenot guilty of the offense. *See Plea Hearing*, at 15, attached as Exhibit B.

In the Final Presentence Investigation Report ("PSR"), the Guidelines calculation assessed a base offense level of 18 under U.S.S.G. § 2G2.2(a)(1). The PSR further included special offense characteristics, with a two level increase under U.S.S.G. § 2G2.2(b)(2), a four level increase under U.S.S.G. § 2G2.2(b)(4), a two level increase under U.S.S.G. § 2G2.2(b)(6), and a five level increase under U.S.S.G. §

2

2G2.2(b)(7)(D). (ECF 34, at 5-6). The PSR indicates that the Adjusted Offense Level is 31. (ECF 34, at 6). The PSR finally decreased the offense level by three points for acceptance of responsibility under U.S.S.G. 3E1.1(a), (b), for a total offense level of 28. (ECF 34, at 6).

Moreover, the PSR indicates a total criminal history score of zero, placing Fontenot in criminal history category I. (ECF 34, at 7). The applicable guideline imprisonment range is 78 months to 97 months with a maximum term of imprisonment of 20 years. (ECF 34, at 13). The PSR further indicates that the probation officer did not identify any factors that would warrant a departure from the applicable sentencing range. (ECF 34, at 16).

Defense counsel objected to the PSR, with sentencing related objections including an objection to paragraph 39 because Fontenot did not specifically say he enjoys watching pornography of 12 year old girls, rather that he enjoys viewing pornography, and not directed at a specific age range. (ECF 33). Similarly, defense counsel also objected to paragraph 47 because Fontenot did not say he found a release with child pornography, but with pornography in general. (ECF 33). Further, Fontenot clarified he put that behind him and choosing to live a more

3

Godly life. (ECF 33).

The District Court held a sentencing hearing on September 18, 2023. *See Sentencing Transcript*, attached as Exhibit C. Defense counsel re-urged the two objections mentioned *supra*. *See Sentencing Transcript*, at 5-6, attached as Exhibit C. The District Court found the PSR credible and overruled the objection, yet noted that it does not impact the Guidelines. *See Sentencing Transcript*, at 7-8, attached as Exhibit C. The District Court further adopted the factual findings in the PSR. *See Sentencing Transcript*, at 8, attached as Exhibit C.

At the hearing, defense counsel emphasized that after the offense, Fontenot devoted himself to church and got his life back on track. *See Sentencing Transcript*, at 12, attached as Exhibit C. Fontenot also married during this time. *See Sentencing Transcript*, at 12, attached as Exhibit C. Defense counsel also urged the court to take into account that Fontenot is an older defendant and has a low risk of recidivism. *See Sentencing Transcript*, at 16, attached as Exhibit C.

Fontenot testified at the hearing. He was deeply apologetic about the offense and indicated he changed his life 100 percent. *See Sentencing Transcript*, at 18, attached as Exhibit C. The Government argued the

sentencing range was reasonable. *See Sentencing Transcript*, at 21, attached as Exhibit C. Defense argued for a downward departure or variance. *See Sentencing Transcript*, at 22, attached as Exhibit C. The Court rejected the defense's arguments and sentenced Fontenot to 78 months on Count 1 of the Information. *See Sentencing Transcript*, at 25-26, attached as Exhibit C.

The District Court entered a final judgment on September 21, 2023, sentencing Fontenot to a term of imprisonment for a total of 78 months. (ECF 40).

At the request of undersigned counsel, a psychologist and addiction expert interviewed and evaluated Fontenot. *See Psychological Report*, attached as Exhibit D.

### DEFINITION OF THE CRIMES CHARGED

**Count One: Possession of Child Pornography under 18 U.S.C. § 2252A(a)(5)(B) and (b)(2)**. Any person who knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce

or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years, or if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under the Uniform Code of Military Justice or the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

## TIMELINESS OF THE PETITION

Pursuant to 28 U.S.C. § 2255, a petition under this chapter has a

6

one year statue of limitations that begins to run from the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). When a defendant does not appeal, his conviction becomes final upon the expiration of the time for filing a timely notice of appeal. *United States v. Plascencia*, 537 F.3d 385, 390 (5th Cir. 2008). Rule 4(b) of the Federal Rules of Appellate Procedure mandates that in a criminal case, the defendant's notice of appeal must be filed within 14 days of the entry of the judgment. Fed. R. App. P. 4(b)(1)(A)(i).

Here, the District Court entered final judgment on September 21, 2023. (ECF 40). The expiration of the time for filing a timely notice of appeal was October 5, 2023. One year from October 5, 2023, is October 5, 2024. Fontenot's Petition was filed on October 4, 2024. (ECF 62). Accordingly, this Petition is timely filed.

## SCOPE OF REVIEW UNDER 28 U.S.C. § 2255

There are four grounds upon which a federal inmate may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise

subject to collateral attack. 28 U.S.C. § 2255; *See United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). In other words, Section 2255 post-conviction relief is reserved for "errors of constitutional dimension and other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a complete miscarriage of justice." *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996).

### STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

The legal principles that govern claims of ineffective assistance of counsel are established in *Strickland v. Washington*, 466 U.S. 668 (1984). An ineffective assistance of counsel claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. *Id*. at 687. To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id*. at 688.

To prove that counsel's performance prejudiced him, a petitioner must only show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the context of ineffective assistance of

counsel at sentencing, the petitioner must demonstrate that there is a reasonable probability that the sentence would have been lower but for the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203–204 (2001).

"[T]he right to effective assistance of counsel ... may in a particular case be violated by even an isolated error ... if that error is sufficiently egregious and prejudicial." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649-50 (1986) (citing *United States v. Cronic*, 466 U.S. 648, 657, n.20 (1984)). In those circumstances, prejudice is presumed. *Cronic*, 466 U.S. at 659.

### ARGUMENT AND AUTHORITIES[1]

## I. Counsel rendered ineffective assistance of counsel for not having Movant evaluated by an expert to present mitigating evidence that might justify a downward departure from the Guidelines.

"Where sentencing discretion is granted, it generally has been agreed that the sentencing judge's possession of the fullest information possible concerning the defendant's life and characteristics is 'highly relevant-*if not essential*-to the selection of an appropriate sentence.'"

---

[1] Fontenot is abandoning Ground One in his Petition because the District Court stated on the record that it would have imposed the same sentence even if the Guidelines were error.

*Lockett v. Ohio*, 438 U.S. 586, 602–03 (1978) (citing *Williams v. People of State of N.Y.*, 337 U.S. 241, 246 (1949) (cleaned up) (emphasis in original). The Supreme Court has explained:

> Evidence about the defendant's background and character is relevant because of the belief, long held by this society, that defendants who commit criminal acts that are attributable to a disadvantaged background . . . may be less culpable.

*Porter v. McCollum*, 558 U.S. 30, 41 (2009) (citing *Penry v. Lynaugh*, 492 U.S. 302, 319 (1989)). Indeed, courts use individualized sentencing, which includes any aspect of a defendant's character or record as mitigating factors. *See Lockett*, 438 U.S. at 604.

As a result, counsel has an obligation to conduct a thorough investigation of a defendant's background, and "counsel's failure to uncover and present voluminous mitigating evidence at sentencing could not be justified as a tactical decision." *See Wiggins v. Smith*, 539 U.S. 510, 522 (2003); *see also Smith v. Dretze*, 422 F.3d 269, 279 (5th Cir. 2005).

In determining whether counsel exercised reasonable professional judgment, courts focus not on whether counsel should have presented mitigating evidence, but "whether the investigation supporting counsel's decision not to introduce mitigating evidence of [a defendant's] background was itself reasonable." *Smith*, 422 F.3d at 279 (citing

10

*Wiggins*, 539 U.S. at 522-24).

Here, at sentencing, Fontenot's counsel did not call an expert witness to testify about findings related to sex addiction and Fontenot's background. Instead, counsel urged the court to consider his background and identified several factors to warrant a downward departure. While counsel did emphasize that a downward departure or variance was warranted, his error lies in his failure to call an expert to testify. Argument of counsel does not constitute evidence. *United States v. Thomas*, 627 F.3d 146, 158 (5th Cir. 2010) (stating "argument of counsel is not evidence").

Indeed, when evaluated by an addiction expert, Brian Hudspeth, the conclusion is that Fontenot suffers from sex addiction resulting from exposure to pornography and sex at an early age, not initiated by him. *See Psychological Report*, attached as Exhibit D. Specifically, the report states that another child initiated sex play when Fontenot was only 8 years old. *See Psychological Report*, attached as Exhibit D. This impacted Fontenot. The report also states that he started masturbating to his brother's Playboy magazines before puberty. *See Psychological Report*, attached as Exhibit D. The report further states that viewing

11

pornography causes similar brain responses as other addictions, which is supported by research. *See Psychological Report*, attached as Exhibit D. In other words, Fontenot suffered from factors outside his control that led to an undeniable pornography addiction, which should have been considered in sentencing.

It is objectively unreasonable that trial counsel did not introduce mitigating expert evidence of Fontenot's history and pornography addiction.

In *Strickland*, the Supreme Court determined that trial counsel did not render constitutionally ineffective assistance of counsel by declining to request a psychiatric evaluation of his client because counsel's conversations with his client gave no indication that he had any psychological problems. *Strickland*, 466 U.S. at 673, 699-700. Moreover, the *Strickland* Court determined that trial counsel's decision was reasonable strategy because trial counsel opted to rely on the statements his client made during his plea colloquy and his knowledge of the trial judge's tendency to favor defendants who accepted responsibility for their crimes. *Id.* at 673-74, 699-700. *See also West v. Johnson*, 92 F.3d 1385, 1409 n.46 (5th Cir.1996) (concluding that "counsel is not constitutionally

ineffective for insufficiently investigating a defendant's mental or psychological condition when there is nothing to put counsel on notice that such a condition exists.").

The opposite is true here. Counsel's decision not to introduce expert mitigating evidence in sentencing is unreasonable trial strategy. *Strickland* also indicates that:

> If there is only one plausible line of defense…counsel must conduct a 'reasonably substantial investigation' into that line of defense, since there can be no strategic choice that renders such an investigation unnecessary.

*Id.* at 681 (citation omitted).

Here, other than his own argument for a downward departure or variance, trial counsel introduced no mitigating evidence in support of a lower sentence. It was objectively unreasonable not to call an addiction expert as a witness at sentencing. *See*, *e.g.*, *Rompilla v. Beard*, 545 U.S. 374, 389-93 (2005) (determining that trial counsel's failure to review the prosecutor's file of Rompilla's prior rape conviction that she knew the State intended to introduce into evidence was unreasonable and prejudiced Rompilla because it contained a wealth of previously undiscovered mitigation evidence); *see also Wiggins*, 539 U.S. at 527-28 (holding that trial "counsel chose to abandon their investigation at an

unreasonable juncture, making a fully informed decision with respect to sentencing strategy impossible.").

Similar to here, in *Wiggins*, the defendant's trial counsel failed to retain a forensic social worker to prepare a social history, which would have revealed the defendant's difficult background, including physical and sexual abuse, an alcoholic mother, borderline retardation, and foster care placements, even though the PSR and department of social service records gave him notice of his unfortunate history. *Wiggins*, 539 U.S. at 518-20. The Court held that Wiggins' trial counsel's inadequate investigation constituted deficient performance because "counsel abandoned their investigation of petitioner's background after having acquired only rudimentary knowledge of his history from a narrow set of sources." *Id.* at 524. Specifically, the Court found that his troubled background would have been relevant to assessing his moral culpability, and there was a reasonable probability that a competent attorney would have introduced such evidence. *Id.* at 535. The Court further held that had the jury been confronted with the mitigating evidence, there is a reasonable probability that his sentence would have been different. *Id.* at 536.

14

Likewise, in *Rompilla*, the file of defendant's prior conviction contained evidence that defendant had cognitive disabilities likely from fetal alcohol syndrome, grew up in an abusive environment, and had developed serious drinking problems. *Rompilla*, 545 U.S. at 390-93. Knowing that the prosecution would present the defendant's prior conviction at sentencing, the defendant's trial attorneys nevertheless failed to investigate his potential mitigation case when all they had to do was look at the file readily available to them. *Id.* at 380-93. Therefore, the Court held that the defendant's trial attorneys were ineffective and reversed the defendant's sentence. *See id.* at 375-76.

Because of trial counsel's failure to introduce expert mitigating evidence, the District Court, when evaluating whether to issue a sentence lower than the Guidelines, did not have enough information to weigh in making its determination of a proper sentence. Mental health (which addiction is part of mental health) is a mitigating factor in and of itself, which the court takes into consideration in sentencing.

## II. There is a reasonable probability that but for counsel's failure to introduce mitigating evidence of Fontenot's psychiatric disorders, the sentence would have been lower.

Notably, as here, when the District Court states on the record that

it would have imposed the same sentence even had the guideline calculation been incorrect, it defeats a showing of prejudice for ineffective assistance of counsel claims regarding objections to the guidelines calculation. *See*, *e.g.*, *Ortiz-Martinez v. United States*, No. 4:19-cv-174, 2021 WL 5173392, at *4 (E.D. Tex. Oct. 4, 2021); *United States v. Vasquez*, No. SA-17-CR-00290-XR, 2020 WL 5366112, at *4 (W.D. Tex. Sep. 8, 2020).

In other words, given Fontenot's allegation is not related to the calculation of the guidelines and instead relates to the failure to introduce relevant and necessary mitigating evidence of his psychological conditions, the District Court's statement does not preclude a finding of harm here.

Given that the District Court heard compelling statements for why a downward departure or variance was warranted in this case, including Fontenot's rehabilitation prior to sentencing, there is a reasonable probability that had trial counsel introduced expert mitigating evidence related to his background and pornography addiction, it would have resulted in a sentence under the Guidelines.

16

## CONCLUSION

Wherefore, for these and other reasons considered by this Court, Movant respectfully requests that this motion be granted and that this matter be certified for filing in the Beaumont Division of the United States District Court for the Eastern District of Texas.

March 3, 2025

Respectfully submitted,

**CLOUTHIER LAW, PLLC**

By: /s/ *Susan J. Clouthier*
Susan J. Clouthier
Tex. Bar No. 24062673
9950 Woodloch Forest Dr., Ste. 1300
The Woodlands, Texas 77380
Ph: (346) 443-4300
Fax: (346) 443-4343
susan@clouthierlaw.com

**Attorney for Movant
Michael Joseph Fontenot**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion has been served via electronic notification to the clerk of court for delivery upon the Government through counsel, Rachel Grove, on this 3rd day of March 2025.

/s/ *Susan J. Clouthier*
Susan J. Clouthier